CHOJNACKI, APPELLANT, *v*. CORDRAY, ATTY. GEN., APPELLEE.

[Cite as *Chojnacki v. Cordray*, 126 Ohio St.3d 321, 2010-Ohio-3212.]

*Causes dismissed as moot.*

(Nos. 2008-0991 and 2008-0992 — Submitted November 4, 2009 — Decided July 13, 2010.)

APPEAL from and CERTIFIED by the Court of Appeals for Warren County, No. CA2008-03-040.

_____

{¶ 1} These consolidated causes present a single issue for resolution: Is a judgment denying a request for the appointment of counsel in a reclassification hearing held pursuant to 2007 Am.Sub.S.B. 10 ("S.B. 10" or the "Adam Walsh Act") a final, appealable order?

{¶ 2} Appellant pleaded guilty to three counts of unlawful sexual activity with a minor in Cuyahoga County and was sentenced in 2006 to four years in prison on each count, to be served consecutively. After a classification hearing pursuant to R.C. Chapter 2950, the trial court found that appellant was not likely to reoffend and classified him as a sexually oriented offender. Appellant is currently incarcerated in the Warren Correctional Institution in Warren County, Ohio.

{¶ 3} In December, 2007, appellant received a letter from the Ohio Attorney General notifying him that he had been reclassified under S.B. 10 as a Tier II offender. On February 26, 2008, appellant filed a petition to contest the application of S.B. 10. Because appellant was incarcerated and indigent, he filed with his petition a motion to appoint counsel. On March 10, 2008, the trial court denied the motion for appointment of counsel, and appellant appealed.

**{¶ 4}** On April 3, 2008, the Twelfth District Court of Appeals sua sponte dismissed the appeal because it was not taken from a final, appealable order.

**{¶ 5}** This court released its opinion in *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, ___ N.E.2d ___, on June 3, 2010. In *Bodyke*, we severed R.C. 2950.031 and 2950.032, the reclassification provisions of the Adam Walsh Act, and held that after severance, those provisions could not be enforced. We further held that R.C. 2950.031 and 2950.032 may not be applied to offenders previously adjudicated by judges under "Megan's Law."

**{¶ 6}** The reclassification hearing which has resulted in this appeal and the related certified question arose under the now-severed provisions of R.C. 2950.031 and 2950.032. Accordingly, these causes no longer present a justiciable case or controversy, and as a result, the appeal is dismissed as moot and the certified conflict is dismissed because a conflict no longer exists.

So ordered.

PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

BROWN, C.J., not participating.

_____

Timothy Young, Ohio Public Defender, and Jason A. Macke and Sarah M. Schregardus, Assistant Public Defenders; and Kelly K. Curtis, for appellant.

Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, Alexandra T. Schimmer, Chief Deputy Solicitor General, David M. Lieberman, Deputy Solicitor, and Christopher P. Conomy, Assistant Solicitor, for appellee.

Robert L. Tobik, Cuyahoga County Public Defender, and Cullen Sweeney and John T. Martin, Assistant Public Defenders; Yeura R. Venters, Franklin County Public Defender, and Paul Skendelas, Assistant Public Defender; R. Paul LaPlante, Lake County Public Defender, and Vanessa R. Clapp, Supervising Attorney; Glen H. Dewar, Montgomery County Public Defender; Tammi R.

Johnson, Stark County Public Defender, and Jean A. Madden, Assistant Public Defender; ACLU of Ohio Foundation, Inc., and Carrie L. Davis; and Gamso, Helmick & Hoolahan and Jeffrey M. Gamso, urging reversal for amici curiae Cuyahoga County Public Defender, Franklin County Public Defender, Lake County Public Defender, Montgomery County Public Defender, Stark County Public Defender, and American Civil Liberties Union.

_____