The STATE of Ohio, Appellee,

v.

HAZLETT, Appellant.

[Cite as *State v. Hazlett*, 191 Ohio App.3d 105, 2010-Ohio-6119.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 09AP–1069.

Decided Dec. 14, 2010.

Ron O'Brien, Franklin County Prosecuting Attorney, and Steven L. Taylor, Assistant Prosecuting Attorney, for appellee.

Yeura R. Venters, Franklin County Public Defender, and John W. Keeling, for appellant.

McGRATH, Judge.

{¶ 1} Defendant-appellant, James L. Hazlett, appeals from the judgment of the Franklin County Court of Common Pleas denying his petition to contest his sex-offender reclassification under Ohio's Adam Walsh Act ("the AWA").

{¶ 2} A Franklin County grand jury indicted appellant on January 4, 1980, on one count of aggravated burglary and one count of rape. Appellant entered a guilty plea to rape on May 28, 1980, and a nolle prosequi was entered on the aggravated-burglary charge. Thereafter, appellant was sentenced to a 6–to–25–year term of incarceration. On June 27, 1986, appellant was released from prison, and on July 16, 1987, appellant was further released from all parole supervision.

{¶ 3} In 1996, the General Assembly enacted Am.Sub.H.B. No. 180 ("Megan's Law"), which repealed prior versions of R.C. Chapter 2950 and created a registration and classification system for sex offenders. Under Megan's Law, sex offenders fell into one of three classifications, sexually oriented offenders, habitual sexual offenders, or sexual predators, based upon the crime committed and the findings made by the trial court at a sexual-classification hearing. A sex offender who was not classified as either a sexual predator or a habitual sexual offender was designated a sexually oriented offender by operation of law, and no hearing was required. *Green v. State*, 1st Dist. No. C–090650, 2010-Ohio-4371, 2010 WL 3610203, ¶ 1. Ohio enacted its version of the AWA, 2007 Am.Sub.S.B. No. 10 ("S.B. No. 10"), which replaced the classification system of Megan's Law with a tier system consisting of three tiers dependent solely on the offense of conviction. *State v. Watkins*, 10th Dist. No. 09AP–669, 2010-Ohio-4187, 2010 WL 3480329, ¶ 4.

{¶ 4} There is no evidence in the record that appellant was ever judicially classified as a sexual offender, but, rather, it appears his classification arose by operation of law. In 2007, appellant received notification that pursuant to S.B. No. 10, he would be reclassified as a Tier III offender based upon his conviction

for rape and that as a Tier III offender he would be required to report to the local sheriff every 90 days for life.

{¶ 5} On January 30, 2008, appellant filed a petition to contest reclassification, asserting various constitutional challenges to S.B. No. 10. The same day, appellant filed a motion to stay the enforcement of community notification pursuant to R.C. 2950.11. On January 31, 2008, the trial court granted appellant's motion by entry staying enforcement of community notification until a decision was issued on appellant's petition contesting reclassification.

{¶ 6} On October 16, 2009, the trial court rendered a decision that denied appellant's petition to contest reclassification, and the same decision vacated the entry staying community notification. In denying the petition to contest reclassification, the trial court upheld S.B. No. 10 against all the constitutional challenges raised by appellant.

{¶ 7} This appeal followed, and appellant brings the following five assignments of error for our review:

Assignment of Error Number One

The trial court erred when it held that the reclassification provisions in the Adam Walsh Act did not violate the separation-of-powers doctrine. *State v. Bodyke,* [126] Ohio St.3d [266], 2010-Ohio-2424, [933] N.E.2d [753], approved and followed.

Assignment of Error Number Two

The trial court erred when it held that the Adam Walsh Act applied to individuals who had no previous duty to register as sex offenders under prior law.

Assignment of Error Number Three

The trial court erred when it held that Senate Bill 10, as applied to those convicted of offenses committed before its effective date, but sentenced after that date, did not violate the ex post facto prohibition of Article I, Section 10 of the United States Constitution.

Assignment of Error Number Four

The trial court erred when it held that the application of the provisions of Senate Bill 10 to those convicted of offenses committed before its effective date, but sentenced after that date, did not violate the ban on retroactive laws set forth in Article II, Section 28, of the Ohio Constitution.

Assignment of Error Number Five

Retroactive application of S.B. 10 violates the Double Jeopardy Clauses of the United States Constitution's Fifth Amendment and Article I, Section 10 of the Ohio Constitution.

{¶ 8} In the recently decided case of *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, the Supreme Court of Ohio concluded, "R.C. 2950.031 and 2950.032, the reclassification provisions in the AWA, are unconstitutional because they violate the separation-of-powers doctrine." Id. at ¶ 2. The Supreme Court emphasized the importance of separation of powers and noted that the court has "held that '[t]he administration of justice by the judicial branch of the government cannot be impeded by the other branches of the government in the exercise of their respective powers.' " Id. at ¶ 45, quoting *State ex rel. Johnston v. Taulbee* (1981), 66 Ohio St.2d 417, 20 O.O.3d 361, 423 N.E.2d 80, paragraph one of the syllabus. Concluding that R.C. 2950.031 and 2950.032 are unconstitutional, the Supreme Court chose severance as a remedy. Specifically, the Supreme Court stated, "As a remedy, we strike R.C. 2950.031 and 2950.032, hold that the reclassifications of sex offenders by the attorney general are invalid, and reinstate prior judicial classifications of sex offenders." Id. at ¶ 2.

{¶ 9} Shortly after *Bodyke* was decided, the Supreme Court of Ohio decided *Chojnacki v. Cordray*, 126 Ohio St.3d 321, 2010-Ohio-3212, 933 N.E.2d 800. In that case, the defendant was classified as a sexually oriented offender under Megan's Law and was notified by a letter from the attorney general that he had been reclassified under S.B. No. 10 as a Tier II offender. The defendant filed a petition to contest the application of S.B. No. 10 and, because he was indigent, sought the appointment of counsel. The trial court denied the defendant's motion for appointment of counsel, and on appeal the appellate court sua sponte dismissed the appeal for lack of a final, appealable order. The Supreme Court of Ohio in *Chojnacki* reiterated, "In *Bodyke*, we severed R.C. 2950.031 and 2950.032, the reclassification provisions of the Adam Walsh Act, and held that after severance, those provisions could not be enforced." Id. at ¶ 5. Noting that the reclassification hearing that resulted in the appeal and the related certified question "arose under the now-severed provisions of R.C. 2950.031 and 2950.032," the Supreme Court dismissed the appeal. Id. at ¶ 6.

{¶ 10} Here, we are presented with a defendant whose sex-offender status prior to the enactment of S.B. No. 10 arose not by judicial determination but, instead, by operation of law. An argument has been made that *Bodyke* is not applicable to such sex offenders, and indeed two appellate districts have so held. *Green*, 2010-Ohio-4371; *Boswell v. State*, 12th Dist. No. CA2010–01–006, 2010-Ohio-3134, 2010 WL 2653379. *Green* and *Boswell* held that where there is no prior judicial order classifying a sex offender, reclassification by the attorney general under S.B. No. 10 does not violate the separation-of-powers doctrine under *Bodyke* because it does not require the opening of a final court order or a review by the executive branch of a past decision of the judicial branch. *Green*, syllabus; *Boswell*.

{¶ 11} We agree that this is a conceivably correct interpretation of *Bodyke* and that *Bodyke*'s language appears to limit its separation-of-powers holding to judicially classified sex offenders and not those sex offenders classified by operation of law. However, the remedy of *Bodyke*, as later clarified and reaffirmed in *Chojnacki*, was *complete and total severance* of the provisions providing for the attorney general's authority to reclassify sex offenders. The severance makes no distinction between those classified judicially and those classified by operation of law. Moreover, after *Bodyke* was rendered, the Supreme Court was asked for clarification on this very issue, but declined to offer either reconsideration or clarification, which suggests the effect of severance is applicable to all sex offenders whether classified judicially or by operation of law.

{¶ 12} Being a court of inferior jurisdiction to the Supreme Court of Ohio, we must follow its mandates. *State v. Ryan*, 10th Dist. No. 08AP–481, 2009-Ohio-3235, 2009 WL 1911863, ¶ 48. See also *State v. Land*, 3d Dist. No. 2–07–20, 2007-Ohio-6963, 2007 WL 4494776, ¶ 9; *State v. Withers*, 10th Dist. No. 08AP–39, 2008-Ohio-3175, 2008 WL 2553085, ¶ 13. While there is much debate over what the Supreme Court of Ohio may have meant or intended when it decided *Bodyke* and *Chojnacki*, we, as a court of inferior jurisdiction to that of the Supreme Court, are bound to follow what it did, which was to sever as unconstitutional R.C. 2950.031 and 2950.032. Given that the statutory provisions authorizing the attorney general to reclassify sex offenders have been severed and excised from the Ohio Revised Code, we find the action taken by the Supreme Court in *Bodyke*, i.e., reinstating sex offenders to their sex-offender classifications as they existed prior to the implementation of the AWA, to be equally applicable here.

{¶ 13} Accordingly, we sustain appellant's first assignment of error and, in accordance with *Bodyke*, find that appellant's reclassification made under the severed statutes must be vacated and his prior sex-offender classification reinstated. Disposition of appellant's first assignment of error renders his remaining assignments of error moot.

{¶ 14} For the foregoing reasons, appellant's first assignment of error is sustained, and his remaining assignments of error are moot. The judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law and consistent with this decision.

Judgment reversed
and cause remanded.

FRENCH and CONNOR, JJ., concur.