**LYTTLE, Appellant,**

v.

**The STATE of Ohio, Appellee.**

[Cite as *Lyttle v. State,* 191 Ohio App.3d 487, 2010-Ohio-6277.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA2010–04–089.

Decided Dec. 20, 2010.

Repper, Pagan, Cook, Ltd., and Christopher J. Pagan, for appellant.

Robin N. Piper III, Butler County Prosecuting Attorney, and Gloria J. Sigman, Assistant Prosecuting Attorney, for appellee.

_____

YOUNG, Presiding Judge.

{¶ 1} Plaintiff-appellant, Dean Lyttle, appeals a decision of the Butler County Court of Common Pleas denying a petition challenging his reclassification as a sex offender under Ohio's Adam Walsh Act.

{¶ 2} In December 1991, appellant pleaded guilty to four counts of gross sexual imposition. He was convicted of each count in January 1992 and sentenced to four consecutive two-year prison terms. Prior to his release, on March 14, 1997, the trial court adjudicated appellant a sexual predator pursuant to R.C. Chapter 2950 ("Megan's Law"), effective January 1, 1997. The record indicates that appellant was released from prison on March 18, 1997.

{¶ 3} On direct appeal, this court affirmed appellant's sexual-predator classification in *State v. Lyttle* (Dec. 22, 1997), Butler App. No. CA97–03–060, 1997 WL 786216 (*"Lyttle I"*). Offenders classified as sexual predators under Megan's Law were subject to periodic address-registration and verification requirements. These requirements became effective July 1, 1997. According to appellant, upon being adjudicated a sexual predator in 1997, he continued to register and verify his address pursuant to the mandates of Megan's Law.

{¶ 4} Appellant subsequently received a letter dated November 26, 2007, from the Ohio Attorney General informing him that he would be reclassified as a tier III offender under Ohio's Adam Walsh Act.[1] In February 2008, appellant filed a petition pursuant to R.C. 2950.031(E) contesting his reclassification, raising several constitutional challenges.[2]

{¶ 5} On January 27, 2010, the trial court held a hearing on appellant's petition. At that time, appellant advised the court that there was an additional issue unrelated to the constitutionality of his reclassification. He claimed that he was

_____

1.  Ohio's Adam Walsh Act, also known as Senate Bill 10, amended provisions of R.C. Chapter 2950 and replaced the classification system under Megan's Law with a new, retroactive classification scheme that included a three-tiered system. The act went into effect on January 1, 2008.

2.  In January 2009, following this court's decision in *State v. Williams*, Warren App. No. CA2008–02–029, 2008-Ohio-6195, 2008 WL 5052748, discretionary appeal allowed, 121 Ohio St.3d 1449, 2009-Ohio-1820, 904 N.E.2d 900 (upholding Ohio's Adam Walsh Act on numerous constitutional grounds), the state moved to dismiss appellant's petition. The trial court granted the state's request and dismissed the petition without a hearing on February 3, 2009. On appeal, this court reversed the decision of the trial court after concluding that it was required to hold a hearing on appellant's petition pursuant to R.C. 2950.031(E). See *Lyttle v. State* (Dec. 30, 2009), Butler App. No. CA2009–03–075, accelerated calendar judgment entry.

exempt from registering as a tier III offender under the Adam Walsh Act because he was never required to register as a sexual predator under Megan's Law. Appellant argued that the registration requirements under Megan's Law did not apply to him because he had completed his prison sentences for the sexually oriented offenses prior to the July 1, 1997 effective date of the registration provisions of the act.

{¶ 6} The trial court agreed to entertain briefs on the issue. In its memorandum in opposition, the state claimed that in affirming appellant's sexual-predator classification in *Lyttle I,* this court also addressed appellant's registration requirements under Megan's Law. The state argued that as a result of our previous decision, the "law of the case" doctrine prohibited the trial court from entertaining appellant's claim. The state also asserted that even if his claim were not barred, appellant would still be required to register under the new duties imposed by the Adam Walsh Act.

{¶ 7} In its March 30, 2010 decision and entry denying appellant's petition, the trial court rejected appellant's argument that he had no duty to register as a sexual predator under Megan's Law. The court determined that "on March 14, 1997, this Court had the authority under the January 1, 1997 version of R.C. 2950.09(C)(1) to classify [appellant] as a sexual predator; therefore, [appellant] had a duty to register under the former R.C. 2950."

{¶ 8} Appellant appeals the trial court's decision, raising two assignments of error for our review.

{¶ 9} Assignment of Error No. 1:

{¶ 10} "The trial court erred by holding that [appellant's] offenses required him to register and verify his address with the sheriff."

{¶ 11} Assignment of Error No. 2:

{¶ 12} "The trial court erred by holding that the law-of-the-case doctrine barred [appellant's] challenge to his registration and address verification obligations."

{¶ 13} In his first assignment of error, appellant challenges the trial court's conclusion that he was required to register as a sexual predator under Megan's Law as a result of the court's March 14, 1997 decision classifying him as such. In his second assignment, appellant argues that the trial court erred in determining that our decision in *Lyttle I* barred him from challenging his registration obligations under the Adam Walsh Act. For the reasons that follow, we conclude that this court lacks jurisdiction to review appellant's claims.

{¶ 14} After the trial court denied appellant's motion, on June 3, 2010, the Ohio Supreme Court issued its decision in *State v. Bodyke,* 126 Ohio St.3d 266, 2010-

Ohio-2424, 933 N.E.2d 753. In *Bodyke*, the Supreme Court held that the provisions of the Adam Walsh Act governing the reclassification of sex offenders already classified by judges under Megan's Law violate the separation-of-powers doctrine. Id. at paragraphs two and three of the syllabus. In fashioning an appropriate remedy, the Supreme Court held that "R.C. 2950.031 and 2950.032 are severed and, that after severance, they may not be enforced. R.C. 2950.031 and 2950.032 may not be applied to offenders previously adjudicated by judges under Megan's Law, and the classifications and community-notification and registration orders imposed previously by judges are reinstated." Id. at ¶ 66.

{¶ 15} The Ohio Supreme Court addressed the effect of *Bodyke*'s severance remedy in *Chojnacki v. Cordray*, 126 Ohio St.3d 321, 2010-Ohio-3212, 933 N.E.2d 800. In *Chojnacki*, the appellant challenged a trial court's decision denying his request for the appointment of counsel in an Adam Walsh reclassification hearing. Id. at ¶ 1. This court dismissed the appeal for lack of a final, appealable order. Id. at ¶ 4. On a certified conflict, the Supreme Court dismissed the appeal as moot. Id. at ¶ 6. Citing *Bodyke*, the court determined that "[t]he reclassification hearing which has resulted in this appeal and the related certified question arose under the now-severed provisions of R.C. 2950.031 and 2950.032. Accordingly, these causes no longer present a justiciable case or controversy * * *." Id.

{¶ 16} Upon review, we conclude that the issues presented in appellant's appeal are moot in light of the Supreme Court's holdings in *Bodyke* and *Chojnacki*. The arguments made in the context of appellant's reclassification petition arose under the now-severed provisions of R.C. 2950.031. With the severance of this section, no petition process exists for appellant to challenge whether he was exempt from registering under the Adam Walsh Act. See *State v. Jackson*, Franklin App. Nos. 09AP–687 and 09AP–689, 2010-Ohio-4375, 2010 WL 3610592 (dismissing appeal pursuant to *Chojnacki* after concluding that severance of R.C. 2950.031 mooted the state's argument that the trial court lacked jurisdiction to consider an R.C. 2950.034 residency-restriction claim in an offender's petition contesting reclassification). See also *State v. Houston*, Franklin App. No. 09AP–592, 2010-Ohio-4374, 2010 WL 3610594.

{¶ 17} In the absence of a petition process, the trial court was without jurisdiction to render its March 30, 2010 decision. The court's judgment is therefore null and void. " 'The effect of determining that a judgment is void is well established. It is as though such proceedings had never occurred; the judgment is a mere nullity and the parties are in the same position as if there had been no judgment.' " *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 12, quoting *Romito v. Maxwell* (1967), 10 Ohio St.2d 266, 267–268, 39 O.O.2d 414, 227 N.E.2d 223. As this court does not have jurisdiction to review

void orders, we are unable to reach the merits of appellant's arguments on appeal. Consequently, his assignments of error are overruled.

{¶ 18} This appeal is dismissed.

Judgment accordingly.

BRESSLER, J., concurs.

RINGLAND, J., dissents.

RINGLAND, Judge, dissenting.

{¶ 19} I respectfully dissent from the majority's dismissal of the instant appeal. I would sustain appellant's first assignment of error and reverse the decision of the trial court.

{¶ 20} The majority concludes that neither this court, nor the trial court, has jurisdiction to review appellant's challenge. However, the issue raised by appellant involves criminal subject-matter jurisdiction. Subject-matter jurisdiction refers to a court's ability to hear and finally determine a certain criminal charge, including the sentencing of a defendant following conviction and any other penalties imposed. *State v. McCoy* (1953), 94 Ohio App. 165, 166, 51 O.O. 334, 114 N.E.2d 624. See also *Sheldon's Lessee v. Newton* (1854), 3 Ohio St. 494, 499. The penalty challenged by appellant in this case involves the registration requirements pursuant to his classification as a sexual predator under Megan's Law. Appellant argues that the trial court had no authority to require him to register as a sexual predator because he was released from prison prior to the effective date of former R.C. 2950.04(A), July 1, 1997.

{¶ 21} The majority concludes that appellant cannot raise his challenge to the Megan's Law registration requirements since the issue was raised at a hearing under the Adam Walsh Act. However, the defense of lack of subject-matter jurisdiction can never be waived. *State v. Williams* (1988), 53 Ohio App.3d 1, 5, 557 N.E.2d 818, citing *State v. Shrum* (1982), 7 Ohio App.3d 244, 7 OBR 323, 455 N.E.2d 531, fn. 2. See also *State v. Wozniak* (1961), 172 Ohio St. 517, 520, 18 O.O.2d 58, 178 N.E.2d 800. Moreover, lack of subject-matter jurisdiction may be raised at any time, even collaterally in a subsequent or separate proceeding, as appellant has done in this case. *Wozniak* at 520; *Williams* at 5; *Shrum* at fn. 2. Appellant's challenge may not be seen as timely enough or presented in a form preferred by the majority such as a petition seeking a writ of habeas corpus or mandamus. Nevertheless, the issue remains ripe for review and should be addressed by this court.

{¶ 22} In January 1992, appellant was convicted of four counts of gross sexual imposition and sentenced to four consecutive two-year prison terms. Prior to his release from prison, on March 14, 1997, the trial court adjudicated appellant a

sexual predator under Megan's Law. Appellant was released from prison on March 18, 1997.

{¶ 23} Former R.C. 2950.04(A)(1) indicates which individuals must register under Megan's Law:

{¶ 24} "(a) Regardless of when the sexually oriented offense was committed, an offender who is sentenced for the sexually oriented offense to a prison term, a term of imprisonment, or any other type of confinement and, on or after July 1, 1997, is released in any manner from the prison term, term of imprisonment, or confinement;

{¶ 25} "(b) Regardless of when the sexually oriented offense was committed, an offender who is sentenced for a sexually oriented offense on or after July 1, 1997, and to whom division (A)(1)(a) of this section does not apply;

{¶ 26} "(c) If the sexually oriented offense was committed prior to July 1, 1997, and neither division (A)(1)(a) nor division (A)(1)(b) of this section applies, an offender who, immediately prior to July 1, 1997, was a habitual sex offender who was required to register under Chapter 2950. of the Revised Code."

{¶ 27} In *State v. Bellman* (1999), 86 Ohio St.3d 208, 714 N.E.2d 381, the Ohio Supreme Court first addressed former R.C. 2950.04(A)(1)'s applicability to a sexual predator released from prison prior to the statute's effective date. Bellman was adjudicated a sexual predator in March 1997 and was released from prison prior to July 1, 1997. Id. at 209. Bellman appealed his adjudication, arguing that he was not required to register as a sexual predator because he did not fit within any of the statutory classes of individuals required to do so under the statute. Id. The Ohio Supreme Court agreed, finding that although the trial court properly classified him as a sexual predator, Bellman had no duty to register because he did not fit within any of the categories listed under R.C. 2950.04(A)(1) due to his release prior to the July 1, 1997 effective date. Id. at 212. See also *State v. Taylor*, 100 Ohio St.3d 172, 2003-Ohio-5452, 797 N.E.2d 504 (noting that although the General Assembly could have written the statute to require all sexual predators to register, it simply did not do so).

{¶ 28} This court applied *Bellman* in *State v. Benson* (Aug. 28, 2000), Butler App. No. CA99–11–194, 2000 WL 1221851. In 1975, Benson pleaded guilty to and was convicted of one count of gross sexual imposition. Id. at *1. He was sentenced to a two-to-five year prison term for the offense and was released in 1980. Id. Following a hearing in 1999, the trial court adjudicated Benson a sexual predator subject to the registration, verification, and notification requirements of R.C. Chapter 2950. Id. In *Benson*, we concluded that the defendant was not subject to the registration requirements of the statute because he did not fit within the plain language of R.C. 2950.04(A) due to his release before July 1, 1997. Id. at *8.

{¶ 29} The Ohio Supreme Court recently revisited the issue in *State v. Champion*, 106 Ohio St.3d 120, 2005-Ohio-4098, 832 N.E.2d 718, and expanded its earlier decisions in *Bellman* and *Taylor*. Champion was sentenced in 1978 to an indefinite prison term of two to five years as a result of his guilty plea to one count of gross sexual imposition. Id. at ¶ 2. His GSI sentence was ordered to be served concurrently with two other sentences. Id. After being paroled in 1989, he was convicted and returned to prison twice on other offenses. Id. The state argued that Champion was required to register as a sex offender. Id. The *Champion* court disagreed, concluding that "[a] person whose prison term for a sexually oriented offense was completed before July 1, 1997, is not required to register under R.C. 2950.04(A)(1)(a) or periodically verify a current address under R.C. 2950.06(A), even if the person returns to prison on a parole violation for a term served concurrently with the sexually oriented offense." Id. at syllabus. The Supreme Court recognized that former R.C. 2950.04 had no application to Champion and could not require him to register under Megan's Law due to his release prior to July 1, 1997. Id. at ¶ 11.

{¶ 30} Like the defendants in *Bellman, Taylor, Benson,* and *Champion,* although appellant was properly classified as a sexual predator, he was released from prison prior to July 1, 1997, and, as a result, does not fit within any of the categories of R.C. 2950.04(A)(1) requiring registration under Megan's Law. The trial court had no authority to impose registration requirements under Megan's Law. This court should grant appellant the remedy to which he is entitled. Therefore, I respectfully dissent. I would sustain appellant's first assignment of error and reverse the decision of the trial court.