COOK, Appellant,

v.

OHIO, Appellee.

[Cite as *Cook v. Ohio*, 192 Ohio App.3d 674, 2011-Ohio-906.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 10AP–641.

Decided March 1, 2011.

Yeura R. Venters, Franklin County Public Defender, and David L. Strait, Assistant Public Defender, for appellant.

Ron O'Brien, Franklin County Prosecuting Attorney, and Steven L. Taylor, Assistant Prosecuting Attorney, for appellee.

TYACK, Judge.

{¶ 1} Reginald Cook is appealing from the failure of the trial court to grant his petition for reclassification under R.C. 2950.031 and 2950.032. He assigns a single error for our consideration:

The trial court erred in dismissing Appellant's reclassification petition as moot in lieu of granting judgment in his favor, following the decision of the Ohio Supreme Court in *State v. Bodyke,* [126] Ohio St.3d [266], 2010-Ohio-2424 [933 N.E.2d 753].

{¶ 2} The facts do not seem to be in dispute. Cook was convicted on a charge of rape in 1992 in Cuyahoga County, Ohio. In 2007, a hearing was held in

Cuyahoga County on his classification status, and he was determined to be a sexually oriented offender, not a sexual predator.

{¶ 3} Later in 2007, the Ohio Attorney General reclassified Cook as a Tier III offender, making him subject to community notification. Cook challenged this reclassification by filing a petition and a motion to stay notification until the constitutionality of the law, which mandated his reclassification, could be fully litigated. The trial court judge assigned to Cook's case stayed notification.

{¶ 4} In June 2010, the Supreme Court of Ohio held that the mandatory reclassification provisions of R.C. 2950.031 and 2950.032 were unconstitutional because they violated the separation-of-powers doctrine. Persons who had been classified by a trial court were automatically reclassified by legislative action. See *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, paragraphs one, two, and three of the syllabus.

{¶ 5} In June, the trial court judge who was assigned to Cook's case dismissed Cook's petition contesting his reclassification rather than sustaining it. The trial court's theory apparently was that the Ohio Supreme Court had granted Cook the relief he sought by ruling on the *Bodyke* case.

{¶ 6} Counsel for Cook has appealed that dismissal on the theory that Cook's unconstitutional reclassification still exists in some government records, and these records damage Cook. The state of Ohio has responded as follows:

> Because the Ohio Supreme Court has now concluded that the petition-contest procedures under R.C. 2950.031(E) and R.C. 2950.032(E) have been severed, petitioner cannot obtain relief under those sections.

The state of Ohio has also argued that if R.C. 2950.031 still has some validity, a full hearing must be heard.

{¶ 7} In support of its first argument, the state of Ohio sets forth *Chojnacki v. Cordray*, 126 Ohio St.3d 321, 2010-Ohio-3212, 933 N.E.2d 800. In that case, six justices of the Ohio Supreme Court concluded the following: (1) *Bodyke* "severed R.C. 2950.031 and 2950.032, * * * and held that after severance, those provisions could not be enforced" as a result, and (2) Chojnacki had no right to trial counsel in hearings scheduled following the filing of petitions contesting statutory reclassification, apparently upon the theory that the related issues were now moot.

{¶ 8} We are bound to follow the decisions of the Ohio Supreme Court. We note that in *Bodyke* itself, the Ohio Supreme Court did not vacate the judgments in companion cases and remand the cases to the trial court with a mandate to dismiss the petitions for reclassification. Instead, the Ohio Supreme Court granted the relief being sought by the petitioners.

{¶ 9} As best we can determine the desires of the Ohio Supreme Court, petitioners who filed their petitions prior to the decision in *Bodyke* are entitled to

the relief that the Ohio Supreme Court granted to *Bodyke*. Reginald Cook did not obtain that relief when the trial court deemed his petition moot.

{¶ 10} We therefore sustain the sole assignment of error and reverse the judgment of the trial court. We remand the case with instructions to reinstate Reginald Cook's classification as determined by the Court of Common Pleas of Cuyahoga County, Ohio, based upon our understanding of *Bodyke*.

Judgment reversed
and cause remanded
with instructions.

KLATT and CONNOR, JJ., concur.