[Cite as *Mitchell v. State*, 2011-Ohio-3256.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 95617

---

## JAMES MITCHELL

PLAINTIFF-APPELLANT

vs.

## STATE OF OHIO

DEFENDANT-APPELLEE

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-649960

**BEFORE:**   Kilbane, A.J., Jones, J., and S. Gallagher, J.

RELEASED AND JOURNALIZED:   June 30, 2011

ATTORNEYS FOR APPELLANT

Robert L. Tobik
Chief Public Defender
Cullen Sweeney
Assistant Public Defender
310 Lakeside Avenue
Suite 400
Cleveland, Ohio 44113

ATTORNEYS FOR APPELLEE

William D. Mason
Cuyahoga County Prosecutor
Daniel T. Van
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, A.J.:

{¶ 1}   Plaintiff-appellant, James Mitchell, appeals from the order of the trial court that

rejected his request to be reclassified as a Tier I offender under the Adam Walsh Act

("AWA"), reclassified him as a Tier II sex offender, then sua sponte restored his original

sexual predator classification under Megan's Law.    For the reasons set forth below, we affirm.

**{¶ 2}**    On October 3, 1988, Mitchell pled guilty in Case No. CR-219878 to one count of attempted gross sexual imposition in violation of R.C. 2907.05 and was sentenced to six months of incarceration.

**{¶ 3}**    On October 14, 2004, Mitchell pled guilty in Case No. CR-452531 to one count of drug trafficking, in violation of R.C. 2925.03, and one count of gross sexual imposition, in violation of R.C. 2907.05, and was sentenced to a total of two years of imprisonment.    On the same day, following a sexual predator hearing, the parties stipulated that Mitchell is a sexual predator under Megan's Law, R.C. Chapter 2950.    Under this classification, he was required to register every 90 days for life.    *State v. Cook*, 83 Ohio St.3d 404, 1998-Ohio-291, 700 N.E.2d 570, citing former R.C. 2950.06 and 2950.07.

**{¶ 4}**    In 2006, Mitchell completed his prison term in Case No. CR-452531, then began registering as a sexual predator in accordance with the various mandates of Megan's Law, R.C. Chapter 2950.

**{¶ 5}**    In 2006, Congress passed the AWA, which established Tier I, Tier II, or Tier III sex offender classifications based solely on the offender's offense.    *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753.    Thereafter, the Ohio General Assembly enacted the 2007 Am.Sub.S.B. No. 10, which replaced the Megan's Law categories of the

offender and established the tier system in conformance with the AWA. Under the tier system, sexual offenders are assigned to a particular tier based upon the offense for which they were convicted. Id.

{¶ 6} Pursuant to R.C. 2950.031 and R.C. 2950.032, the attorney general was required to reclassify all sexual offenders under Tier I, Tier II, or Tier III, and to notify the offenders accordingly by December 1, 2007.

{¶ 7} In a letter dated November 26, 2007, the Ohio Attorney General's office advised Mitchell that, beginning January 1, 2008, he would be reclassified as a Tier III sex offender under the AWA, the most restrictive classification, and would therefore be required to register with the sheriff's office every 90 days for life. Community notification is also required.

{¶ 8} On February 5, 2008, Mitchell filed a petition to contest application of the AWA. He asserted that the AWA violates prohibitions against ex post facto and retroactive laws and violates due process. He further asserted that he should be reclassified as a Tier I offender — in light of his offenses and the ages of the victims (adult women, rather than children under the age of 13) — and not a Tier III offender that was derived from the 2004 stipulation that he is a sexual predator. On April 6, 2008, the trial court stayed the proceedings.

{¶ 9} On February 11, 2009, Mitchell filed a motion for a reclassification hearing under R.C. 2950.01(G) and to have this issue determined apart from his constitutional challenges that he asked to have stayed, "pending the decision of a higher court."

{¶ 10} The trial court held a reclassification hearing on June 19, 2009. Mitchell argued that a sexual predator hearing had not been held in Case No. CR-452531 and that the sexual predator determination was based upon a stipulation rather than a judicial determination. Therefore, Mitchell argued that the trial court had discretion to determine the proper tier classification for his offenses and, under R.C. 2950.01(E)(1), he should be classified as a Tier I offender since his victim was over 13 years old. Counsel additionally asserted that Mitchell is a Tier I offender because he is 63 years old, he has resolved his substance abuse issues, and he presented numerous reference letters.

{¶ 11} In opposition, the State presented information about Mitchell's offenses. The State presented the victim's statement in Case No. CR-291878. According to this statement, Mitchell met the woman at a bar and gave her a ride home. He gave her a marijuana cigarette that she smoked in the car. After she smoked it, Mitchell drove her to a motel and struck her in the face when she refused to go inside. He then dragged her into the room, threatened to kill her, and inserted his penis into her. The victim reported that she felt paralyzed after smoking the marijuana he had given her.

{¶ 12} The State also presented the victim's statement in the second matter, Case No. CR-452531. According to that statement, Mitchell met the victim at a bar. They went to his apartment, and he got her a glass of water. The victim indicated that the water had a funny taste. She next remembered waking up in his bedroom, naked from the waist down. At this time, he was taking pictures of her. She felt ill and repeatedly passed out and woke up.

{¶ 13} The State then asserted that although the offenses Mitchell committed were not Tier III offenses, he was in fact a Tier III offender based upon the record and his prior sexual predator stipulation in Case No. CR-452531.

{¶ 14} On July 1, 2009, the trial court reclassified Mitchell as a Tier II offender under the AWA. The court's journal entry provided in relevant part as follows:

> "Petitioner has been convicted of gross sexual imposition October 14, 2004 and of attempted gross sexual imposition on October 3, 1988. As petitioner has been convicted of two Tier I offenses on two different occasions, petitioner is reclassified as a Tier II sex offender.
>
> Pursuant to Civ.R. 54(B), there is no just cause for delay."

{¶ 15} Neither party appealed the July 1, 2009 ruling. Thereafter, on July 26, 2010, following the Ohio Supreme Court's June 3, 2010 decision in *Bodyke*, the trial court issued a sua sponte order that provided in relevant part as follows:

> "[P]laintiff is hereby restored to his previous registration status under the terms and conditions of the final decision in [Mitchell's] criminal case. The within order is a final judgment pursuant to R.C. 2505.02."

{¶ 16} Mitchell now appeals and assigns three errors for our review:

ASSIGNMENT OF ERROR ONE

**"The trial court lacked jurisdiction to reconsider its final judgment."**

ASSIGNMENT OF ERROR TWO

**"The trial court lacked authority to grant 'relief' that was not requested by [Mitchell]."**

ASSIGNMENT OF ERROR THREE

**"The trial court erred in applying *State v. Bodyke* to disturb a judicial Adam Walsh Act classification."**

{¶ 17} In these assignments of error, Mitchell maintains that because neither party appealed the trial court's July 1, 2009 order reclassifying him as a Tier II offender, this order became final, and not subject to later modification. He also contends that once the trial court issued its July 1, 2009 order reclassifying him as a Tier II offender, it "granted the relief sought in the petition" so the court had no authority to restore Mitchell to his prior Megan's Law classification. Finally, Mitchell argues that *Bodyke* has no application to this matter since it involved a judicial redetermination of Mitchell's sex offender status so there was no violation of the separation-of-powers doctrine. In *Bodyke*, the court held:

**"1.    The power to review and affirm, modify, or reverse other courts' judgments is strictly limited to appellate courts. (Section 3(B)(2), Article IV, Ohio Constitution, applied.)**

"2.	R.C. 2950.031 and 2950.032, which require the attorney general to reclassify sex offenders who have already been classified by court order under former law, impermissibly instruct the executive branch to review past decisions of the judicial branch and thereby violate the separation-of-powers doctrine.

"3.	R.C. 2950.031 and 2950.032, which require the attorney general to reclassify sex offenders whose classifications have already been adjudicated by a court and made the subject of a final order, violate the separation-of-powers doctrine by requiring the opening of final judgments." Id., at paragraphs one, two, and three of the syllabus.

{¶ 18} The Supreme Court severed R.C. 2950.031 and 2950.032 from the AWA, and held that those sections "may not be applied to offenders previously adjudicated by judges under Megan's Law, and the classifications and community-notification and registration orders imposed previously by judges are reinstated." Id. The Supreme Court additionally noted that "[c]ourts also condemn legislative encroachments that violate the separation of powers by vesting officials in the executive branch with the power to review judicial decisions or by commanding that the courts reopen final judgments." Id. The court explained that judgments cannot be deprived of their finality through statutes that were enacted after the court gave its last word in the particular matter.

{¶ 19} Later, in *Chojnacki v. Cordray*, 126 Ohio St.3d 321, 2010-Ohio-3212, 933 N.E.2d 800, the Ohio Supreme Court held that after severance of R.C. 2950.031 and 2950.032 announced in *Bodyke*, R.C. 2950.031 and 2950.032 may not be enforced and may not be applied to offenders previously adjudicated by judges under Megan's Law.

{¶ 20} In this matter, following a sexual predator hearing, the State and Mitchell stipulated in Case No. CR-452531 that Mitchell is a sexual predator under Megan's Law, R.C. Chapter 2950, and he began registering as a sexual predator under Megan's Law in 2006. Thereafter, in a letter dated November 26, 2007, the Ohio Attorney General's office reclassified Mitchell as a Tier III sex offender under the AWA, effective January 1, 2008, and thereby reopened and modified a final judgment and replaced it with the Attorney General's classification of Mitchell under AWA.

{¶ 21} Mitchell challenged the reclassification and on July 1, 2009, the trial reclassified Mitchell as a Tier II offender, following a hearing under R.C. 2950.031 and 2950.032. Later, on July 26, 2010, the trial court issued a sua sponte order that restored Mitchell to his previous registration in conformance with *Bodyke*.

{¶ 22} Mitchell maintains that the trial court disturbed a final order by vacating the July 1, 2009 reclassification. Under *Bodyke*, however, the original classification under Megan's Law is deemed the final order. The Attorney General's November 26, 2007 letter reopened that final judgment, and the reclassification took place under the now-severed provisions of R.C. 2950.031 and R.C. 2950.032. See *Chojnacki.*

{¶ 23} Mitchell additionally complains that the trial court was without authority to issue the sua sponte order once the July 1, 2009 AWA reclassification occurred. In

accordance with *Bodyke*, however, the classifications made under Megan's Law[1] are reinstated. *Bodyke*, at ¶66. See, also, *State v. Lipscomb*, Cuyahoga App. No. 92189, 2010-Ohio-4104; *Majewski v. State*, Cuyahoga App. No. 92372, 2010-Ohio-3178; *State v. Godfrey*, Summit App. No. 25187, 2010-Ohio-6454; *State v. Miliner*, Franklin App. No. 09AP-643, 2010-Ohio-6771; *State v. Robins*, Montgomery App. No. 23437, 2010-Ohio-2842.

{¶ 24} Finally, Mitchell asserts the additional proposition, with which the State agrees, that *Bodyke* is inapplicable to this matter since Mitchell sought *judicial* review of the AWA classification under R.C. 2950.30 and R.C. 2950.31, so there is no separation-of-powers violation. We note, however, that in this case, there was a 2004 judicial order finding Mitchell to be a sexual predator, and this was a final judgment. The court's reclassification hearing followed the Attorney General's improper 2007 reopening of a final determination and improper reclassification of Mitchell under the AWA. Further, the reclassification was conducted pursuant to R.C. 2950.031 and R.C. 2950.032, which have been severed in their

---

[1]Various challenges to Megan's Law were rejected by the courts. In *State v. Cook*, 83 Ohio St.3d 404, 1998-Ohio-291, 700 N.E.2d 570, the Ohio Supreme Court ruled that the registration and address verification portions of Megan's law, i.e., R.C. 2950.09 do not violate retroactivity clause or the ex post facto clause of the Ohio Constitution. In *State v. Williams*, 88 Ohio St.3d 513, 516, 2000-Ohio-428, 728 N.E.2d 342, the Ohio Supreme Court rejected additional claims that Megan's Law violates the prohibitions against double jeopardy, bills of attainder, and vagueness and also rejected claims that it violates equal protection guarantees, an individual's rights to maintain privacy, to acquire property, to pursue an occupation, and to maintain a favorable reputation. In *State v. Thompson*, 92 Ohio St.3d 584, 2001-Ohio-1288, 752 N.E.2d 276, the court rejected a separation-of-powers challenge to Megan's Law.

entirety. *State v. Ogden*, Franklin App. No. 09AP-640, 2011-Ohio-1589. In severing those provisions, the Supreme court did not distinguish between individuals who were classified judicially and those classified by operation of law. *State v. Johnson*, Franklin App. No. 10AP-932, 2011-Ohio-2009; *State v. Page*, Cuyahoga App. No. 94369, 2011-Ohio-83 (*Bodyke* does not carve out exceptions where some reclassifications under the AWA remain lawful).

{¶ 25} In light of the foregoing, the trial court properly determined that Mitchell's reclassification under the severed statute must be vacated and his prior judicial classification must be reinstated. The assignments of error are without merit.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

LARRY A. JONES, J., and
SEAN C. GALLAGHER, J., CONCUR