[Cite as *Melendez v. State*, 2010-Ohio-6507.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| NICOLAS MELENDEZ, | ) | |
| | ) | CASE NO.  09 CO 39 |
| PETITIONER-APPELLANT, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| STATE OF OHIO, | ) | |
| | ) | |
| RESPONDENT-APPELLEE. | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from Common Pleas
Court, Case No. 08 CV 178.


JUDGMENT:      Reversed and Remanded.


APPEARANCES:
For Petitioner-Appellant:      Nicholas Melendez, Pro-se
# 524-209
Belmont Correctional Institution
P.O. Box 540
St. Clairsville, OH  43950-0540

For Respondent-Appellee:      Attorney Robert L. Herron
Prosecuting Attorney
Attorney Timothy J. McNicol
Asst. Prosecuting Attorney
105 S. Market Street
Lisbon, OH  44432


JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated: December 8, 2010

DeGenaro, J.

{¶1} Pro-se Defendant/Petitioner-Appellant, Nicolas Melendez, timely appeals the October 30, 2009 judgment of the Columbiana County Court of Common Pleas which denied Melendez's pro-se petition challenging his reclassification under R.C. 2950.01 et seq., as amended by S.B. 10, also known as Ohio's Adam Walsh Act (AWA). Melendez asserts three assignments of error, one of which is that the reclassification provisions of the AWA are unconstitutional.

{¶2} The Ohio Supreme Court recently held in *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, that the reclassification provision in the AWA does violate the separation of powers doctrine and is therefore unconstitutional. Accordingly, the judgment of the trial court is reversed, and the case is remanded to the trial court for further proceedings pursuant to *Bodyke*.

**Facts and Procedural History**

{¶3} In 2007 following a guilty plea, Melendez was convicted of two counts of rape, both first degree felonies. He was sentenced to eight years on each count, to be served concurrently. Pursuant to then-existing R.C. 2950.01, Melendez was designated a sexually oriented offender and notified of his corresponding registration requirements.

{¶4} In 2007, Ohio enacted S.B. 10, which amended the classification and reporting requirements portions of R.C. Chapter 2950 to comply with the federal Adam Walsh Act of 2006, and made the amendments applicable to defendants convicted and sentenced prior to its effective date. Thus, the attorney general sent Melendez notice informing him that he would be reclassified, which imposed a higher classification level and more stringent reporting requirements. Melendez filed a pro se petition to contest his reclassification and the application of Ohio's AWA, and seeking an adjudication of his reclassified status. Melendez raised several constitutional challenges to his reclassification including that Ohio's AWA as applied to him violated the separation-of-powers doctrine. Melendez also filed a motion for immediate relief from community notification pursuant to R.C. 2950.11(F)(2). He also filed a motion for appointment of counsel.

{¶5} In a September 10, 2008 judgment entry the trial court joined the Ohio

Attorney General and the Sheriff of Columbiana County as parties to the action; restrained the Sheriff from enforcing the provisions of Ohio's AWA until further order of the court; and invited all parties to file briefs regarding the constitutionality of Ohio's AWA. The trial court also consolidated Melendez's case with all similar cases pending on the trial court's docket, to be decided by the Common Pleas Court sitting en banc for purposes of determining the threshold constitutional issues.

{¶6} By Announcement of Decision filed on June 1, 2009, the trial court denied all the constitutional issues raised by Melendez and other similar petitioners relative to "violation of the separation of powers; a violation of the retroactive provision; a violation of the ex post facto and double jeopardy clauses; impairment of contract; and violation of due process rights." In that same Decision, the trial court permitted a time period for hearings on non-constitutionally-based challenges. On June 15, 2009 Melendez filed a request for hearing and again requested counsel. The trial court informed Melendez that he would not be appointing counsel as the proceeding was regarded as civil not criminal in nature. The judge offered to arrange for Melendez to be transported to Columbiana County for a hearing on the matter. Alternatively, the judge stated he was willing to just consider the matter on any written filings. Melendez filed a Written Merit Brief in Lieu of Hearing. Therein, Melendez argued that Ohio's AWA was void for vagueness. He also argued alternatively that the court should suspend the community notification requirements of his reclassification status.

{¶7} In an October 30, 2009 Opinion and Judgment Entry, the trial court adopted the provisions of its Announcement and Decision and upheld Melendez's reclassification. Melendez filed a motion for reconsideration of that order which was overruled by the trial court.

### Separation-of-Powers Doctrine

{¶8} Melendez asserts the following three pro-se assignments of error on appeal:

{¶9} "The civil court judge abused discretion [sic] and erred to the prejudice of Appellant-Defendant by judicially failing to adjudicate claims on constitutional grounds raised in a merit brief to waive an in-court hearing. (a) The judge unconstitutionally

adopted the court's own original decision initially failed [sic] in this case without considering the merits nor applying any further proceedings contrary to the judge's own procedural mandate."

{¶10} "The civil court judge unconstitutionally failed to consider Appellant's claims fore [sic] merit by declining to review issues whether the newly revised SORN RC Chapter 2950 provisions were unconstitutionally void-for-vagueness that prejudiced the equal protection of the reclassification statute. (a) the judge unconstitutionally adopted the court's own original decision filed in this case without considering the merits nor applying any further proceedings contrary to the judge's own procedural mandate."

{¶11} "The civil court judge prejudiced Appellant by judicially failing to adjudicate whether the imposition of the community notification required the removal from a Tier-3 classification for relief to Appellant. (a) The judge unconstitutionally adopted the court's own original decision initially filed in this case without considering the merits nor applying any further proceedings contrary to the judge's own procedural mandates."

{¶12} Melendez's second assignment of error is dispositive of this appeal. Although not artfully drafted, Melendez argues that the trial court erred in determining that the AWA is constitutional as applied to him. The trial court rejected several constitutional arguments relating to the reclassification statutes, including that the act violated the separation-of-powers doctrine.

{¶13} On June 3, 2010, the Ohio Supreme Court issued a decision in *Bodyke*, supra, regarding the constitutionality of the reclassification provisions in Ohio's AWA. Specifically, the Court held in paragraph three of the syllabus: "R.C. 2950.031 and 2950.032, which require the attorney general to reclassify sex offenders whose classifications have already been adjudicated by a court and made the subject of a final order, violate the separation-of-powers doctrine by requiring the opening of final judgments." The Supreme Court concluded that severance of those two statutory provisions was the appropriate remedy, and, thus, the court held: "R.C. 2950.031 and 2950.032 may not be applied to offenders previously adjudicated by judges under Megan's Law, and the classifications and community-notification and registration orders

imposed previously by judges are reinstated." Id. at ¶66.

**{¶14}** In its brief submitted prior to the release of the *Bodyke* decision, the State points to *State v. Byers*, 7th Dist. No. 07 CO 39, 2008-Ohio-5051, where this court held that Ohio's AWA does not violate the separation-of-powers doctrine. Id. at ¶70-74. However, because the Ohio Supreme Court has held the opposite in *Bodyke*, that portion of *Byers* is no longer good law. Thus, in accordance with the Supreme Court's pronouncement in *Bodyke*, Melendez's second assignment of error is meritorious.

**{¶15}** Melendez's remaining assignments of error present other constitutional challenges to Ohio's AWA which are moot and need not be addressed by this court. See, e.g. *State v. Bernthold*, 10th Dist. No. 09AP-642, 2010-Ohio-2775, at ¶8 (reversing per *Bodyke,* concluding remaining assignments of error are moot); *Dudkowski v. State*, 8th Dist. No. 93221, 2010-Ohio-2887, at ¶14 (reversing per *Bodyke*, and declining to address the remaining arguments). See, also, App.R. 12(A).

**{¶16}** Accordingly, the judgment of the trial court is reversed and this matter is remanded to the trial court for further proceedings pursuant to *Bodyke.* Id. at ¶66, see, also, *Bernthold* at ¶9 (applying this remedy).

Donofrio, J., concurs.

Waite, J., concurs.