[Cite as *Cechura v. Ohio*, 2010-Ohio-6505.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| LARRY A. CECHURA, | ) | |
| | ) | CASE NO.  09 CO 41 |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| STATE OF OHIO, | ) | |
| | ) | |
| DEFENDANT-APPELLEE. | ) | |

CHARACTER OF PROCEEDINGS:        Civil Appeal from Common Pleas
                                 Court, Case No. 08 CV 499.


JUDGMENT:                        Reversed and Remanded.


APPEARANCES:
For Plaintiff-Appellant:         Attorney Paul F. Adamson
                                 137 South Main St., Suite 201
                                 Akron, OH  44308


For Defendant-Appellee:          Attorney Robert L. Herron
                                 Prosecuting Attorney
                                 Attorney Timothy J. McNicol
                                 Asst. Prosecuting Attorney
                                 105 S. Market Street
                                 Lisbon, OH  44432




JUDGES:
Hon. Mary DeGenaro
Hon. Joseph J. Vukovich
Hon. Gene Donofrio


                                 Dated: December 15, 2010

DeGenaro, J.

**{¶1}** Defendant/Petitioner-Appellant, Larry Cechura, timely appeals the October 30, 2009 judgment of the Columbiana County Court of Common Pleas which denied Cechura's petition challenging his reclassification under R.C. 2950.01 et seq., as amended by S.B. 10, also known as Ohio's Adam Walsh Act (AWA). Cechura presents five arguments, one of which is that the reclassification by the attorney general violates the separation-of-powers doctrine.

**{¶2}** The Ohio Supreme Court recently held in *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, that the reclassification provision in the AWA does violate the separation of powers doctrine and is therefore unconstitutional. Accordingly, the judgment of the trial court is reversed, and the case is remanded to the trial court for further proceedings pursuant to *Bodyke*.

## Facts and Procedural History

**{¶3}** In 1999, a jury convicted Cechura of sexual battery, a third-degree felony, and sexual imposition, a third-degree misdemeanor. Cechura was sentenced to four years in prison and 60 days in the county jail, respectively, on the charges, and was classified as a "habitual sex offender," pursuant to Ohio's Megan's Law. On June 4, 2001, the trial court determined Cechura should be classified as a sexually oriented offender in accordance with the then-existing Ohio Revised Code Chapter 2950, specifically finding that Cechura was neither a sexual predator nor a habitual sexual offender. Pursuant to that order, Cechura was advised of the requirements imposed by the provisions of the then-existing Ohio Revised Code Chapter 2950.

**{¶4}** In 2007, Ohio enacted S.B. 10, which amended the classification and reporting requirements portions of R.C. Chapter 2950 to comply with the federal Adam Walsh Act of 2006, and made the amendments applicable to defendants convicted and sentenced prior to its effective date. Thus, the attorney general sent Cechura notice informing him that he would be reclassified, which imposed a higher classification level and more stringent reporting requirements. Cechura filed a petition to contest his reclassification and the application of Ohio's AWA, and seeking an adjudication of his reclassified status. Cechura raised several constitutional challenges to his reclassification

including that Ohio's AWA as applied to him violated the separation-of-powers doctrine.

{¶5} In a September 10, 2008 judgment entry the trial court joined the Ohio Attorney General and the Sheriff of Columbiana County as parties to the action; restrained the Sheriff from enforcing the provisions of Ohio's AWA until further order of the court; and invited all parties to file briefs regarding the constitutionality of Ohio's AWA. The trial court also consolidated Cechura's case with all similar cases pending on the trial court's docket, to be decided by the Common Pleas Court sitting en banc for purposes of determining the threshold constitutional issues.

{¶6} By Announcement of Decision filed on June 1, 2009, the trial court denied all the constitutional issues raised by Cechura and other similar petitioners relative to "violation of the separation of powers; a violation of the retroactive provision; a violation of the ex post facto and double jeopardy clauses; impairment of contract; and violation of due process rights." In that same Decision, the trial court permitted a time period for hearings on non-constitutionally-based challenges. Cechura did not request a hearing. In an October 30, 2009 Opinion and Judgment Entry, the trial court adopted the provisions of its Announcement and Decision and upheld Cechura's reclassification.

### Separation-of-Powers Doctrine

{¶7} Cechura asserts five assignments of error, the third of which is dispositive:

{¶8} "The trial court erred in failing to find that classification of Appellant pursuant to "The Act" constitutes a violation of the separation of powers doctrine."

{¶9} On June 3, 2010, the Ohio Supreme Court issued a decision in *Bodyke*, supra, regarding the constitutionality of the reclassification provisions in Ohio's AWA. Specifically, the Court held in paragraph three of the syllabus: "R.C. 2950.031 and 2950.032, which require the attorney general to reclassify sex offenders whose classifications have already been adjudicated by a court and made the subject of a final order, violate the separation-of-powers doctrine by requiring the opening of final judgments." The Supreme Court concluded that severance of those two statutory provisions was the appropriate remedy, and, thus, the court held: "R.C. 2950.031 and 2950.032 may not be applied to offenders previously adjudicated by judges under

Megan's Law, and the classifications and community-notification and registration orders imposed previously by judges are reinstated."  Id. at ¶66.

**{¶10}** In its brief submitted prior to the release of the *Bodyke* decision, the State points to *State v. Byers*, 7th Dist. No. 07 CO 39, 2008-Ohio-5051, where this court held that Ohio's AWA does not violate the separation-of-powers doctrine.  Id. at ¶70-74. However, because the Ohio Supreme Court has held the opposite in *Bodyke*, that portion of *Byers* is no longer good law. Thus, in accordance with the Supreme Court's pronouncement in *Bodyke*, Cechura's third assignment of error is meritorious.

**{¶11}** Cechura's remaining assignments of error present other constitutional challenges to Ohio's AWA which are moot and need not be addressed by this court.[1] See, e.g. *State v. Bernthold*, 10th Dist. No. 09AP-642, 2010-Ohio-2775, at ¶8 (reversing per *Bodyke,* concluding remaining assignments of error are moot); *Dudkowski v. State*, 8th Dist. No. 93221, 2010-Ohio-2887, at ¶14 (reversing per *Bodyke*, and declining to address the remaining arguments).  See, also, App.R. 12(A).

**{¶12}** Accordingly, the judgment of the trial court is reversed and this matter is remanded to the trial court for further proceedings pursuant to *Bodyke.*  Id. at ¶66, see, also, *Bernthold* at ¶9 (applying this remedy).

Vukovich, P.J., concurs.
Donofrio, J., concurs.

---

[1] "The trial court erred in failing to find that the retroactive application of the Ohio Sex Offender Registration and Notification Act ("The Act") violates the prohibition on ex post facto laws as contained in Article I, § 10 of the United States Constitution."
"The trial court erred in failing to find that the retroactive application of "The Act" violates the prohibition on retroactivity as set forth in Article II, § 28 of the Ohio Constitution."
"The trial court erred in failing to find that classification of Appellant pursuant to "The Act" constitutes an impermissible multiple punishment under the Double Jeopardy Clauses of the United States and Ohio Constitutions."
"The trial court erred in failing to find that the residency restrictions of "The Act" violate due process."