[Cite as *Balasz v. State*, 2011-Ohio-1455.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| DAVID BALASZ, | ) | |
| | ) | |
| PETITIONER-APPELLANT, | ) | |
| | ) | |
| VS. | ) | CASE NO. 09-CO-25 |
| | ) | |
| STATE OF OHIO, | ) | OPINION |
| | ) | |
| RESPONDENT-APPELLEE. | ) | |

CHARACTER OF PROCEEDINGS:    Civil Appeal from Court of Common Pleas of Columbiana County, Ohio Case No. 08CV115

JUDGMENT:    Reversed

APPEARANCES:
For Petitioner-Appellant    David Balasz, pro-se
#522-683
BeCI P.O. Box 540
St. Clairsville, Ohio 43950

For Respondent-Appellee    No brief filed

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

Dated: March 28, 2011

DONOFRIO, J.

**{¶1}** Petitioner-appellant David Balasz appeals a decision of the Columbiana County Common Pleas Court dismissing his petition contesting his reclassification under Ohio's Adam Walsh Act, R.C. 2905.01 et seq.

**{¶2}** On November 29, 2006, pursuant to a felony plea agreement, Balasz entered *Alford* pleas of guilty to sexual battery in violation of R.C. 2907.03(A)(9) and gross sexual imposition in violation of R.C. 2907.05(A)(4), both third-degree felonies. On February 20, 2007, the trial court sentenced Balasz to concurrent sentences of four years in prison for each of the offenses. Pursuant to the plea agreement and consistent with the state's recommendation, the trial court also classified Balasz as a sexually oriented offender under what was then Ohio's Megan's Law. That classification required Balasz to register annually for ten years and did not include a community notification requirement.

**{¶3}** In 2007, Ohio's General Assembly enacted Am.Sub.S.B. No. 10 which repealed Megan's Law and replaced it with the Adam Walsh Act (AWA). The AWA put in place a retroactive scheme which divided sex offenders into three categories, termed tiers (Tier I, Tier II, and Tier III), based solely on the crime committed.

**{¶4}** On November 30, 2007, the Ohio Attorney General's office sent Balasz notice that he had been reclassified under the new law as a Tier III sexual offender. The Tier III classification imposed more stringent requirements on Balasz requiring him to register every ninety days for life and included community notification provisions.

**{¶5}** On January 23, 2008, Balasz filed a pro se petition in the trial court contesting the reclassification. Balasz argued that the AWA violated numerous provisions of the Ohio and United States Constitutions, including separation of powers, prohibition against retroactive laws, ex post facto clause, double jeopardy, and impairment of contract. He also filed a motion for immediate relief from community notification pursuant to R.C. 2950.11(F)(2) and a motion for appointment of counsel.

**{¶6}** On September 10, 2008 the trial court joined the Ohio Attorney General and the Sheriff of Columbiana County as parties to the action; restrained the Sheriff

from enforcing the provisions of Ohio's AWA until further order of the court; and invited all parties to file briefs regarding the constitutionality of Ohio's AWA. The trial court also consolidated Balasz's case with all similar cases pending on the trial court's docket, to be decided by the Common Pleas Court sitting en banc for purposes of determining the threshold constitutional issues.

{¶7} In a judgment entry filed on April 30, 2009, the trial court rejected all the constitutional arguments advanced by Balasz relative to "a violation of separation of powers, a violation of the retroactive provision of the Ohio Constitution Article II, Section 28, a violation of the ex post facto and double jeopardy clauses of the United States Constitution, impairment of contract under Article I, Section 10, in the Ohio Constitution and due process." The trial court also denied Balasz's request for appointment of counsel and set a hearing for May 22, 2009 to consider any non-constitutionally-based challenges raised by Balasz's petition.

{¶8} At the May 22, 2009 hearing, Balasz essentially argued that because his sexual offender classification was made pursuant to the felony plea agreement with the state that the agreement should supersede any change in the law regarding sexual offender classification. On May 27, 2009, the trial court issued a judgment entry in which it concluded the plea agreement did not supersede the change in the law. This appeal followed.

{¶9} Initially, it should be noted that the state has failed to file a brief in this matter. Therefore, we may accept Balasz's statement of the facts and issues as correct and reverse the judgment if his brief reasonably appears to sustain such action. App.R. 18(C).

{¶10} Balasz, still proceeding pro se, sets forth a statement of issues presented for review which will be construed as assignments of error, advancing virtually the same constitutional arguments he made below:

{¶11} "Mr. Balasz asserts that the new law violates the doctrine of separation of power. Specifically, it usurps the court's prior adjudication of him as a sexually oriented offender and in doing so it encroaches upon the authority of the judiciary."

{¶12} "Mr. Balasz claims the retroactive application of Ohio's Adam Walsh Act as applied to him constitutes an Ex Post Facto law prescribed by Article I Section 4 ¶ 27 (Retroactivity) and further Adam Walsh Act constitutes an EX Post Facto law proscribed by Article I, Section 10 of the United States Constitution."

{¶13} "Mr. Balasz argues even if the new law does not constitute an Ex Post Facto as applied to him, Article II, Section 28 of the Ohio Constitution prohibits its retroactive application to an offender such as him, who has already been classified under the old law."

{¶14} "Mr. Balasz next claims his reclassification constitutes successive punishment and is therefore a Double Jeopardy violation pursuant to the Fifth and Fourteenth amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution, all of which forbid the imposition of multiple punishments for the same offense in successive proceedings."

{¶15} "Mr. Balasz also argues that the residency restriction imposed by Senate Bill 10 violates the substantive component of Due Process Clause in the Fourteenth Amendment to the United States Constitution, and Article I Section 16 of the Ohio Constitution, and the right to privacy guaranteed by Article I Section I of the Ohio Constitution."

{¶16} "Mr. Balasz asserts the application of the provisions of Senate Bill 10 to him would violate the terms of his Plea Agreement and therefore would result in a breach of his contract with the State, in violation of the constitutional provisions against impairment of contract."

{¶17} Balasz's first assignment of error concerning separation of powers is dispositive of this appeal. In *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, the Court found the reclassification provisions of the AWA unconstitutional. Concerning the separation of powers argument, the *Bodyke* court concluded at paragraphs two and three of the syllabus that:

{¶18} "R.C. 2950.031 and 2950.032, which require the attorney general to reclassify sex offenders who have already been classified by court order under

former law, impermissibly instruct the executive branch to review past decisions of the judicial branch and thereby violate the separation-of-powers doctrine."

**{¶19}** "R.C. 2950.031 and 2950.032, which require the attorney general to reclassify sex offenders whose classifications have already been adjudicated by a court and made the subject of a final order, violate the separation-of-powers doctrine by requiring the opening of final judgments."

**{¶20}** The Court concluded severance was the proper remedy holding that "R.C. 2950.031 and 2950.032 may not be applied to offenders previously adjudicated by judges under Megan's Law, and the classifications and community-notification and registration orders imposed previously by judges are reinstated." Id. at ¶66.

**{¶21}** Accordingly, Balasz's first assignment of error is with merit. Balasz's remaining assignments of error present other constitutional challenges to Ohio's AWA which are moot and need not be addressed by this court. See, e.g. *Cechura v. State*, 7th Dist. No. 09 CO 41, 2010-Ohio-6505, at ¶11 (reversing per *Bodyke* and finding remaining constitutional arguments moot); *Dudkowski v. State*, 8th Dist. No. 93221, 2010-Ohio-2887, at ¶14 (reversing per *Bodyke* and declining to address the remaining arguments); *State v. Bernthold*, 10th Dist. No. 09AP-642, 2010-Ohio-2775, at ¶8 (reversing per *Bodyke*, concluding remaining assignments of error are moot). See, also, App.R. 12(A).

**{¶22}** Accordingly, the judgment of the trial court is reversed and Balasz's original sexually oriented offender classification is reinstated.

Vukovich, J., concurs.

Waite, P.J., concurs.