[Cite as *State v. Guthrie*, 2012-Ohio-1264.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | CASE NO. 09-CO-40 |
| | ) | |
| GLEN A. GUTHRIE, | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from Court of Common
                               Pleas of Columbiana County, Ohio
                               Case No. 01CR199, 05CV62

JUDGMENT:                      Reversed

APPEARANCES:
For Plaintiff-Appellee         Robert Herron
                               Prosecutor
                               Timothy J. McNicol
                               Assistant Prosecuting Attorney
                               105 South Market Street
                               Lisbon, Ohio 44432

For Defendant-Appellant        Attorney George Urban
                               111 Second Street, N.W.
                               Suite 302
                               Canton, Ohio 44702

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: March 21, 2012

DONOFRIO, J.

{¶1} Defendant-appellant Glen Guthrie appeals a decision of the Columbiana County Common Pleas Court dismissing his petition contesting his reclassification under Ohio's Adam Walsh Act, R.C. 2905.01 et seq.

{¶2} On August 30, 2002, Guthrie entered Alford pleas of guilty to two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), both third-degree felonies. On November 1, 2002, the trial court sentenced Guthrie to four years community control. The trial court also classified Guthrie as a sexually oriented offender under what was then Ohio's Megan's Law. That classification required Guthrie to register annually for ten years and did not include a community notification requirement.

{¶3} In 2007, Ohio's General Assembly enacted Am.Sub.S.B. No. 10 which repealed Megan's Law and replaced it with the Adam Walsh Act (AWA). The AWA put in place a retroactive scheme which divided sex offenders into three categories, termed tiers (Tier I, Tier II, and Tier III), based solely on the crime committed.

{¶4} On November 26, 2007, the Ohio Attorney General's office sent Guthrie notice that he would be reclassified under the new law as a Tier II sexual offender. The Tier II classification imposed more stringent requirements on Guthrie requiring him to register every 180 days for 25 years, but community notification was still not required.

{¶5} On January 17, 2008, Guthrie filed a dual motion to vacate his plea and motion to contest application of AWA to him. He took issue with the reclassification, arguing that his sexually-oriented-offender classification and its less stringent registration requirements were part of his negotiated plea agreement. Guthrie simultaneously initiated a civil suit, filing a petition to contest the reclassification along with a motion for a temporary restraining order. Guthrie argued that the AWA violated numerous provisions of the Ohio and United States Constitutions, including separation of powers, prohibition against retroactive laws, ex post facto clause, double jeopardy, due process, and impairment of contract. Although community notification did not apply to his proposed reclassification as a Tier II sexual offender

under the AWA, he inexplicably also filed a motion for relief from community notification pursuant to R.C. 2950.11(F)(2).

{¶6} On September 10, 2008 the trial court joined the Ohio Attorney General and the Sheriff of Columbiana County as parties to the action; restrained the Sheriff from enforcing the provisions of Ohio's AWA until further order of the court; and invited all parties to file briefs regarding the constitutionality of Ohio's AWA. The trial court also consolidated Guthrie's case with all similar cases pending on the trial court's docket, to be decided by the Common Pleas Court sitting en banc for purposes of determining the threshold constitutional issues.

{¶7} In judgment entries filed on June 1, 2009, and October 30, 2009, the trial court rejected all the constitutional arguments advanced by Guthrie and upheld his reclassification as a Tier II offender under the AWA. This appeal followed.

{¶8} Guthrie sets forth five assignments of error, advancing the same constitutional arguments he made below:

{¶9} "THE TRIAL COURT ERRED IN FAILING TO INVALIDATE SENATE BILL 10 WHEN THE STATUTORY PROVISIONS VIOLATED THE APPELLANT'S RIGHT TO DUE PROCESS."

{¶10} "THE TRIAL COURT ERRED IN HOLDING THAT SENATE BILL 10 WAS NOT UNCONSTITUTIONAL IN VIOLATION OF ARTICLE II, SECTION 28 OF THE OHIO CONSTITUTION, THE RETROACTIVITY CLAUSE."

{¶11} "THE TRIAL COURT ERRED IN HOLDING THAT SENATE BILL 10 WAS NOT UNCONSTITUTIONAL IN VIOLATION OF ARTICLE 1, SECTION 10 OF THE UNITED STATES CONSTITUTION, THE EX POST FACTO CLAUSE."

{¶12} "THE TRIAL COURT ERRED IN HOLDING THAT SENATE BILL 10 WAS NOT UNCONSTITUTIONAL IN VIOLATION OF ARTICLE II, SECTION 28 OF THE OHIO CONSTITUTION, THE RIGHT TO CONTRACT CLAUSE."

{¶13} "THE TRIAL COURT ERRED IN HOLDING THAT SENATE BILL 10 WAS NOT UNCONSTITUTIONAL IN VIOLATION OF ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION, THE DOUBLE JEOPARDY CLAUSE."

**{¶14}** One of Guthrie's arguments under his first assignment of error concerning separation of powers is dispositive of this appeal. In *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, the Ohio Supreme Court found the reclassification provisions of the AWA unconstitutional. Concerning the separation of powers argument, the *Bodyke* court concluded at paragraphs two and three of the syllabus that:

**{¶15}** "R.C. 2950.031 and 2950.032, which require the attorney general to reclassify sex offenders who have already been classified by court order under former law, impermissibly instruct the executive branch to review past decisions of the judicial branch and thereby violate the separation-of-powers doctrine."

**{¶16}** "R.C. 2950.031 and 2950.032, which require the attorney general to reclassify sex offenders whose classifications have already been adjudicated by a court and made the subject of a final order, violate the separation-of-powers doctrine by requiring the opening of final judgments."

**{¶17}** The Court concluded severance was the proper remedy holding that "R.C. 2950.031 and 2950.032 may not be applied to offenders previously adjudicated by judges under Megan's Law, and the classifications and community-notification and registration orders imposed previously by judges are reinstated." Id. at ¶66.

**{¶18}** Accordingly, Guthrie's first assignment of error is with merit. Guthrie's remaining assignments of error present other constitutional challenges to Ohio's AWA which are moot and need not be addressed by this court. See, e.g. *Cechura v. State*, 7th Dist. No. 09 CO 41, 2010-Ohio-6505, at ¶11 (reversing on authority of *Bodyke* and finding remaining constitutional arguments moot); *Dudkowski v. State*, 8th Dist. No. 93221, 2010-Ohio-2887, at ¶14 (reversing per *Bodyke* and declining to address the remaining arguments); *State v. Bernthold*, 10th Dist. No. 09AP-642, 2010-Ohio-2775, at ¶8 (reversing per *Bodyke*, concluding remaining assignments of error are moot). See, also, App.R. 12(A).

**{¶19}** Accordingly, the judgment of the trial court is hereby reversed and Guthrie's original sexually-oriented-offender classification reinstated.

Vukovich, J., concurs.

DeGenaro, J., concurs.