[Cite as *Bies v. State*, 2012-Ohio-5572.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| MICHAEL BIES, | ) | |
| | ) | |
| PETITIONER-APPELLANT, | ) | |
| | ) | |
| V. | ) | CASE NO. 12 MA 3 |
| | ) | |
| STATE OF OHIO, ET AL., | ) | OPINION |
| | ) | |
| RESPONDENTS-APPELLEES. | ) | |

CHARACTER OF PROCEEDINGS:    Civil Appeal from Court of Common
Pleas of Mahoning County, Ohio
Case No. 08CV454

JUDGMENT:    Reversed and Modified

APPEARANCES:
For Petitioner-Appellant    Randall Porter
Assistant Public Defender
250 East Broad St., Suite 1400
Columbus, Ohio 43215

For Respondents-Appellees    Paul Gains
Prosecutor
Ralph Rivera
Assistant Prosecutor
21 W. Boardman St., 6th Floor
Youngstown, Ohio 44503

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: November 29, 2012

DONOFRIO, J.

{¶1} Defendant-appellant, Michael Bies, appeals from a Mahoning County Common Pleas Court judgment dismissing as moot his petition contesting his reclassification under the Adam Walsh Act.

{¶2} Appellant was convicted in 1992 of aggravated murder, attempted rape, and kidnapping. Appellant was later classified as a sexually oriented offender under Megan's Law, the sex offender registration and notification law in place at the time. Appellant is currently serving a sentence of 46 years to life. On April 10, 2012, the United States District Court for the Southern District of Ohio granted appellant's petition for a writ of habeas corpus and ordered the state to conduct a new trial. *Bies v. Bagley*, S.D. Ohio No. 1:00-CV-682 (Apr. 10, 2012). A further appeal is currently pending before the Sixth Circuit Court of Appeals. *Bies v. Bagley*, No. 12-3431.

{¶3} In January 2008, Ohio's Adam Walsh Act (AWA), R.C. 2905.01 et seq., became effective. It repealed Megan's Law and was meant to align Ohio's sex offender classification system with federal law. A few months before the AWA's effective date, the General Assembly directed the state attorney general to reclassify existing offenders. The attorney general reclassified appellant under the AWA as a Tier III sex offender.

{¶4} On January 30, 2008, appellant filed a petition pursuant to R.C. 2950.031(E) and R.C. 2950.11(F)(2) to contest his classification under the AWA and request for declaratory judgment.

{¶5} The trial court put a stay on appellant's motion (and those similar to it) first pending resolution of litigation in federal court dealing with the AWA and then pending the Ohio Supreme Court's decision in *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753.

{¶6} The attorney general subsequently reinstated appellant's pre-AWA classification.

{¶7} On October 21, 2011, plaintiff-appellee, the State of Ohio, filed a motion to dismiss appellant's petition. The state argued that because the attorney general had already reclassified appellant to his pre-AWA sex offender classification, appellant's petition was moot.

**{¶8}** The trial court granted the state's motion and dismissed appellant's petition on October 31, 2011. It charged the costs to appellant.

**{¶9}** Appellant filed a timely notice of appeal on January 6, 2012.

**{¶10}** This court put an order on instructing the parties to file jurisdictional memorandum on whether this case presented a final, appealable order. In an April 12, 2012 judgment entry, we stated that this case presented a final, appealable order.

**{¶11}** Appellant raises three assignments of error. We will address them out of order for ease of discussion. Appellant's second assignment of error states:

> THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT RULED THAT APPELLANT'S PETITION WAS MOOT.

**{¶12}** Here appellant contends that the trial court erroneously determined that *Bodyke*, 126 Ohio St.3d 266, rendered his petition moot. Instead, he claims *Bodyke* rendered his petition meritorious.

**{¶13}** Appellant points out that in the trial court the state supported its mootness argument with the argument that the attorney general had already reclassified appellant pursuant to his pre-AWA classification. Appellant further points out that he named the Mahoning County Prosecutor and Mahoning County Sheriff as parties and the state's motion to dismiss did not concede that the prosecutor and sheriff were bound by *Bodyke*. Therefore, he argues that he is not protected against future attempts to reclassify him under the AWA. He contends that this court can implement an effective remedy by ordering all Ohio governmental entities to cease enforcement of the AWA reclassification provisions against him.

**{¶14}** In further support of his argument that his petition is not moot, appellant points out that since *Bodyke*, and while this appeal has been pending, the Ohio Supreme Court decided *State v. Palmer*, 131 Ohio St.3d 278, 2012-Ohio-580, 964 N.E.2d 406, where the Court held that defendants could continue to challenge their reclassifications subsequent to *Bodyke*. Appellant contends that the Court would not have reached this conclusion if such challenges were moot. Appellant further asserts

that in several reclassification cases subsequent to *Bodyke*, this court has found that the defendants' pre-AWA classification should be reinstated, not that the appeals were moot. Citing, *State v. Guthrie*, 7th Dist. No. 09-CO-40, 2012-Ohio-1264, ¶18; *Balasz v. Ohio*, 7th Dist. No. 09-CO-25, 2011-Ohio-1455, ¶22; *Melendez v. Ohio*, 7th Dist. No. 09-CO-39, 2010-Ohio-6507, ¶16; *Cechura v. Ohio*, 7th Dist. No. 09-CO-41, 2010-Ohio-6505, ¶12.

{¶15} The Ohio Supreme Court held in *Bodyke*, 126 Ohio St.3d at paragraphs two and three of the syllabus:

> 2. R.C. 2950.031 and 2950.032, which require the attorney general to reclassify sex offenders who have already been classified by court order under former law, impermissibly instruct the executive branch to review past decisions of the judicial branch and thereby violate the separation-of-powers doctrine.

> 3. R.C. 2950.031 and 2950.032, which require the attorney general to reclassify sex offenders whose classifications have already been adjudicated by a court and made the subject of a final order, violate the separation-of-powers doctrine by requiring the opening of final judgments.

Consequently, the Court struck down these portions of the AWA as unconstitutional and held that the reclassifications of sex offenders under these provisions were invalid. The Court then reinstated the prior judicial classifications of sex offenders.

{¶16} The Court next addressed the AWA's constitutionality in *State v. Williams*, 129 Ohio St.3d 244, 2011-Ohio-3374, 952 N.E.2d 1108. The Court held that, as applied to defendants who committed their crimes prior to the AWA's enactment, the AWA violated the ban against retroactive laws. *Id.* at the syllabus.

{¶17} The Ohio Supreme Court most recently elaborated on *Bodyke* in *State v. Palmer*, 131 Ohio St.3d 278. After learning of his AWA classification as a Tier III offender for a 1995 crime, Palmer filed a petition in the trial court challenging the classification. The trial court ruled that the sex-offender regulations did not apply to

Palmer and ordered the removal of Palmer's name from any local, state, or federal lists of sex offenders. The state appealed and the appellate court reversed. Palmer then appealed to the Ohio Supreme Court.

{¶18} On appeal, the state argued that the trial court's ruling was a nullity because *Bodyke* abolished the petition process. Rejecting this notion, the Court stated, at ¶15:

> Portions of R.C. 2950.031 and 2950.032 impermissibly instructed the Ohio attorney general, an officer of the executive branch, to reopen final judgments of the judicial branch. *Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, at ¶ 62. That instruction violated Ohio's separation-of-powers doctrine. *Id.* at ¶ 61. To remedy the violation, in *Bodyke* we declared unenforceable "the unconstitutional component" of the Adam Walsh Act's reclassification provisions. However, we held that the component could be severed from the rest of the act, and accordingly, we "left in place * * * the remainder of the AWA, 'which is capable of being read and of standing alone.' " *Id.* at ¶ 66, quoting *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 98.

{¶19} The Court went on to find that the petition process of R.C. 2950.031(E) and R.C. 2950.032(E) does not violate the separation-of-powers doctrine because it involves only one branch of government, the judiciary. *Id.* at ¶16. "Therefore, *Bodyke's* severance of the unconstitutional reclassification process left intact the petition process, which 'can be given effect without the invalid' reclassification provisions." *Id.* at ¶17, citing R.C. 1.50.

{¶20} The cases appellant cites to from this court in which we found that the defendants' pre-AWA classification should be reinstated, and not that the appeals were moot (*Guthrie*, supra; *Balasz*, supra; *Melendez*, supra; and *Cechura*, supra), are all distinguishable from the present case. In those cases, the defendants filed petitions contesting their reclassifications under the AWA. The trial court upheld the defendants' reclassifications. On appeal, we then reversed the trial court's

judgments and either reinstated the defendants' pre-AWA classifications or remanded the matter to the trial court for further proceedings. In the present case, however, the trial court did not uphold appellant's AWA reclassification. Thus, these cases do not necessarily support appellant's position due to the difference in the facts.

**{¶21}** But at least one other district has addressed the issue at hand. In *State v. Edwards*, 10th Dist. No. 10AP-645, 2011-Ohio-1492, the Tenth District was faced with a situation where the defendant was reclassified under the AWA, the defendant filed a petition in the trial court contesting his reclassification, and the trial court dismissed the petition as moot based on *Bodyke*. On appeal, the defendant argued that *Bodyke* rendered his petition meritorious, not moot, and that the trial court erred in dismissing his petition. The Tenth District agreed. It reasoned that petitioners who filed their petitions prior to *Bodyke* being decided were entitled to the same relief the Ohio Supreme Court granted to *Bodyke*. *Id*. at ¶8. Thus, because the defendant filed his petition before the *Bodyke* decision, the court concluded he was entitled to the relief granted in *Bodyke* and the trial court erred when it denied him such relief. *Id*.

**{¶22}** The Tenth District has further held that defendants in such cases are entitled to court orders directing their return to their pre-AWA classifications. See *Hosom v. State*, 10th Dist. No. 10AP-671, 2011-Ohio-1494; *State v. Watkins*, 10th Dist. No. 09AP-669, 2010-Ohio-4187; *State v. Miliner*, 10th Dist. No. 09AP-643, 2010-Ohio-6117; *State v. Hazlett*, 10th Dist. No. 09AP-1069, 2010-Ohio–6119; *Core v. State*, 191 Ohio App.3d 651, 2010-Ohio-6292, 947 N.E.2d 250.

**{¶23}** Additionally, after *Palmer*, supra, it is clear that the petition process for challenging a reclassification under the AWA is still intact.

**{¶24}** Furthermore, after rendering its decision in *Bodyke*, the Ohio Supreme Court addressed all of the pending appeals before it involving reclassification. *In re Sexual Offender Reclassification Cases*, 126 Ohio St.3d 322, 2010-Ohio-3753. It did not declare that any of these appeals were moot on account of its holding in *Bodyke*.

**{¶25}** Here, while the attorney general has reinstated appellant's pre-AWA

classification, appellant is entitled to a court ruling that his petition for reclassification is meritorious and to a court order that he be returned to that classification. A court order will ensure that the sheriff will abide by the proper reporting and notification requirements and that appellant will not be subject to future reclassification.

**{¶26}** Accordingly, appellant's second assignment of error has merit.

**{¶27}** Appellant's third assignment of error states;

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ASSESSED COSTS TO APPELLANT.

**{¶28}** In this assignment of error, appellant contends that the trial court should not have assessed the costs of bringing the petition against him because the argument he made in his petition opposing his reclassification was found to be meritorious in *Bodyke.* He asserts that his position is akin to a defendant who is found "not guilty" because it was found that he should not have been reclassified. Thus, appellant argues it was error for the court to impose a criminal sanction (the court costs) against him. Appellant further argues that as a matter of fairness and public policy, the trial court should not have ordered him to pay court costs when he was only trying to correct the improper classification imposed on him by the Ohio Attorney General.

**{¶29}** "In all criminal cases* * * the judge or magistrate shall include in the sentence the costs of prosecution * * * and render a judgment against the defendant for such costs." R.C. 2947.23(A)(1)(a). But appellant's petition in this case was one in postconviction. A postconviction proceeding is a collateral civil attack on a criminal judgment. *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994). Thus, the civil rule for imposing court costs should apply.

**{¶30}** In civil cases, unless otherwise provided by statute or rule, "costs shall be allowed to the prevailing party unless the court otherwise directs." Civ.R. 54(D). The Ohio Supreme Court has interpreted this phrase to grant the trial court discretion to order that the prevailing party pay all or part of its own costs. *Vance v. Roedersheimer*, 64 Ohio St.3d 552, 555, 597 N.E.2d 153 (1992). The Court has also

stated that the trial court may not award costs to the non-prevailing party. *Id.* "A 'prevailing party' is 'one in whose favor the decision or verdict is rendered and judgment entered.'" *Hagemeyer v. Sadowski*, 86 Ohio App.3d 563, 566, 621 N.E.2d 707 (11993), quoting *Yetzer v. Henderson*, 5th Dist. No. CA-1967, 1981 WL 6293 (June 4, 1981).

{¶31} Based on our resolution of appellant's second assignment of error, appellant is now clearly the prevailing party. Consequently, the costs of appellant's petition are to be assessed against the state.

{¶32} Accordingly, appellant's third assignment of error has merit.

{¶33} Appellant's first assignment of error states:

THE TRIAL COURT ERRED WHEN IT RULED ON THE STATE'S MOTION TO DISMISS WITHOUT AFFORDING APPELLANT AN OPPORTUNITY TO RESPOND.

{¶34} Due to our resolution of appellant's second assignment of error, his first assignment of error is now moot.

{¶35} For the reasons stated above, the trial court's judgment is hereby reversed. Appellant's pre-AWA classification under Megan's Law is reinstated. The state is ordered to pay all court costs of appellant's petition.

Waite, P.J., concurs.

DeGenaro, J., concurs.